Case 2:23-cv-00147   Document 13   Filed on 08/15/23 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
August 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT J SALINAS, SR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00147 |
| | § | |
| ROMEO R RAMIREZ, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert J Salinas, Sr, appearing *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Defendant is the Sheriff of Duval County, Texas ("Sheriff Ramirez"). Plaintiff's case is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). For purposes of screening and pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned recommends that Plaintiff's § 1983 claims be DISMISSED with prejudice.

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### B. *Proceedings.*

Plaintiff filed this action on June 5, 2023. (Doc. No. 1.) Liberally construed, Plaintiff alleges five claims against Sheriff Ramirez: (1) retaliation in violation of the First Amendment; (2) a violation of the Third Amendment; (3) a violation of the Fourth Amendment; (4) a violation of the Fifth Amendment; and (5) a violation of the Ninth Amendment. *See Haines v. Kerner*,

404 U.S. 519, 520 (1972). No process has been issued in this case. The undersigned is satisfied that Plaintiff has pleaded his best case. *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009), *cert. denied*, 560 U.S. 944 (2010) (leave to amend is not required if the *pro se* plaintiff has already pleaded his best case). The case is now ripe for screening.

### C. Legal standard for screening.

When a plaintiff seeks to proceed *in forma pauperis*, the court shall evaluate the complaint and dismiss it without service of process if the court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citing *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Additionally, a plaintiff's suit may be dismissed as frivolous pursuant to § 1915(e)(2)(B) if it makes factual allegations that are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 328).

"In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*) (citations omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, "the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id*. (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The factual allegations must raise the plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, the plaintiff's claim should not be dismissed. *Id*. Furthermore, as Plaintiff proceeds *pro se*, the Court construes his complaint liberally in his favor. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines*, 404 U.S. at 520).

### D. Plaintiff's claims fail to survive screening under § 1915(e)(2).

Section 1983 of Title 42, United States Code, provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him or her of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he or she misuses or abuses official power and if there is a nexus

between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under § 1983. *Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir. 1987); *see also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011). "A policy is normally an official statement, ordinance, or regulation, but in certain circumstances a persistent, widespread practice that is so commonplace as to constitute a custom can also be treated as policy." *McNeil v. Caruso*, No. 17-01688, 2019 WL 1435831, at *2 (M.D. La. Mar. 28, 2019) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)).

1. ***Requested relief of criminal charges is unavailable.***

As a preliminary matter, Plaintiff's requested relief of criminal investigations is not available in a § 1983 civil rights action. For his allegations, Plaintiff requests, in addition to monetary compensation, that Sheriff Ramirez "be brought up on charges for criminal trespassing, [i]nvasion of privacy, bull[y]ing, [harassment], obstruction of justice, [and] abuse of [authority]." (Doc. No. 1-1, p. 7.)

There is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Numerous courts have held that the relief Plaintiff seeks is simply not available in a § 1983 civil rights case. *E.g.*, *Nelson v. State of Va.*, No. 7:16-

CV-00055, 2016 WL 3963242, at *2 (W.D. Va. July 21, 2016) (no legal basis for court to order criminal investigation or charges against state officials); *Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318, at *2 (N.D. Tex. Apr. 6, 2009) ("to the extent Plaintiff seeks to criminally prosecute someone, such relief is not available in a § 1983 civil rights action") (internal quotation marks omitted); *Worthy v. Francis*, No. 3:02-CV-2102N, 2002 WL 31553847, at *2 (N.D. Tex. Nov. 14, 2002) (same); *Jones v. Conway*, No. Civ. A 9203883, 1992 WL 185578, at *1 (E.D. Pa. July 21, 1992) (same); *see also Houston v. Collerman*, No. 9:16-CV-1009, 2016 WL 6267968, at *11 (N.D.N.Y. Oct. 26, 2016) ("it is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual"). Accordingly, the Court solely looks to the monetary relief in addressing the allegations in more depth below.

> ### 2. Plaintiff's allegations of criminal trespassing, invasion of privacy, bullying, harassment, obstruction of justice, and abuse of authority, allegedly in violation of Plaintiff's 1st, 3rd, 4th, 5th, and 9th Amendment rights.

Plaintiff sues Sheriff Ramirez solely in his official capacity. This is treated as a claim against Duval County. *See Dillon v. Jefferson Cnty. Sheriff's Dep't*, 973 F. Supp. 628, 632–33 (E.D. Tex. 1997) (citing *Hafer v. Melo,* 502 U.S. 21, 23–27 (1991) (stating "[s]uits against state officials in their official capacity therefore should be treated as suits against the State"); *Brooks v. George Cnty., Miss.,* 84 F.3d 157, 165 (5th Cir. 1996) (claims against sheriff in his official capacity are to be treated as claims against the county)). To establish liability on the part of a county or municipality, a plaintiff must demonstrate the existence of some official policy, practice, or custom of the county or municipality that caused the alleged constitutional deprivations. *Reyes v. Salazr*, No. SA-20-CV-01258-XR, 2020 WL 6384735, at *3 (W.D. Tex.

Oct. 30, 2020) (citing *Bd. of Cnty. Comm'rs Bryan Cnty., Okla.*, 520 U.S. 397, 403–04 (1997); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)).

Regarding this claim, Plaintiff seeks monetary relief in the amount of $500,000. (Doc. No. 1-1, p. 7.) Because Plaintiff fails to allege the existence of any official policy, practice, or custom by Duval County relating to his alleged constitutional deprivations, he has failed to state a claim upon which relief may be granted. Plaintiff's claim can be dismissed in its entirety on this ground alone. However, out of an abundance of caution, and to explain why Plaintiff's claims fail on other grounds, the undersigned addresses each alleged constitutional violation below.

### a. First Amendment claim.

Liberally construed, Plaintiff's First Amendment claim is based on his assertion that he and his son were harassed and retaliated against by Sheriff Ramirez. (Doc. No. 1-1, pp. 4-6.) This alleged harassment arises out of a March 2022 incident in which Sheriff Ramirez apparently entered Plaintiff's property, an entry that was somehow orchestrated by a Ms. Dolly Molina, someone Plaintiff argues is an alleged manipulator of "coward Sheriff" Ramirez. *Id*.

"Retaliation" is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)).

The Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further

6 / 11

exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

"To state a valid claim for retaliation under section 1983, a [plaintiff] must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the [plaintiff] for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d at 324–25 (citing *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998)). Mere assertions of a plaintiff's personal belief that he is the victim of retaliation or conclusory allegations do not create a valid claim for relief. *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997); *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995). The plaintiff must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Woods,* 60 F.3d at 1166. On the element of causation, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained-of adverse incident would not have occurred. *Id*.

Here, Plaintiff asserts frivolous, threadbare, and conclusory statements merely offering his personal belief that he is a victim of what he perceives to be harassment and retaliation. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Johnson,* 110 F.3d at 310. Plaintiff provides no details demonstrating why Sheriff Ramirez's alleged bullying and harassment was retaliatory, not even temporally. Simply put, Plaintiff offers no factual allegation that could plausibly support a finding of an exercise of a constitutional right, retaliatory intent, or causation. In sum, his First Amendment claims are frivolous and should be dismissed.

### b. Third Amendment claim.

The Third Amendment of the United States Constitution provides that "[n]o Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law."

Plaintiff does not elaborate as to how this constitutional amendment is at all related to his claims against Sheriff Ramirez, as Sheriff Ramirez is not a soldier, nor was he quartered in Plaintiff's house. In addition, as discussed above, Plaintiff has not pointed to any policy or custom by Duval County relating to Sheriff Ramirez's actions. Plaintiff's claim of a violation of the Third Amendment is not only conclusory and threadbare, but also frivolous. Therefore, the undersigned recommends that this claim be dismissed with prejudice.

### c. Fourth Amendment claim.

The Fourth Amendment of the United State Constitution addresses "a concern with governmental *intrusion* into the owner's possessory or privacy interests." *See United States v. James Daniel Good Real Prop.,* 510 U.S. 43, 77 (1993) (emphasis original).

Plaintiff has not pointed to any policy or custom by Duval County relating to Sheriff Ramirez's alleged entry into Plaintiff's property. Further, Plaintiff does not provide sufficient facts to allege that any entry was an intrusion of his possessory or privacy interests. Taking the facts presented to the Court in the light most favorable to Plaintiff, he has merely alleged that Sheriff Ramirez came to the backyard of Plaintiff's property, calling out Plaintiff's name, and that Plaintiff responded by yelling and cursing at Sheriff Ramirez. (Doc. No. 1-1, p. 5-6.) None of the facts presented detail that Sheriff Ramirez threatened Plaintiff while he was on the property, took anything on the property, or engaged in any search of the property. *See id*. Instead, Plaintiff merely details his assumptions about the alleged malicious motivation of

Sheriff Ramirez to be on Plaintiff's property.  *Id*.  For the foregoing reasons, Plaintiff has failed to state a claim upon which relief may be granted.

### d. Fifth Amendment claim.

The Fifth Amendment to the United States Constitution provides, among other things, that private property should not be taken for public use, without just compensation.[1]  Plaintiff complains that Sheriff Ramirez trespassed on his private property, apparently without permission.  *See* Doc. No. 1-1, pp. 5-6.

This alleged offense is not considered a constitutional violation under the Fifth Amendment, but rather, if it states any claim at all, would be considered an intentional tort under state law.  *See Hillman v. City of McKinney*, 70 F. Supp. 3d 790, 803 (E.D. Tex. 2014) (citing a state law case, *Ronald Holland's A–Plus Transmission & Auto. v. E–Z Mart Stores, Inc.,* 184 S.W.3d 749, 758 (Tex.App.—San Antonio 2005, no pet.) to explain the definition of a trespass under Texas law); *Dillon v. Jefferson Cnty. Sheriff's Dep't*, 973 F. Supp. 628, 632–33 (E.D. Tex. 1997).  Further, Plaintiff does not provide the Court with any facts suggesting that there was any county policy causing a taking or that Sheriff Ramirez was involved with any such policy.[2]  Therefore, Plaintiff's Fifth Amendment claim is frivolous and should be dismissed with prejudice.

---

[1] The undersigned focuses on the Takings clause of the Fifth Amendment, rather than the other clauses (such as double jeopardy and the right against self-incrimination), because the sparse facts that Plaintiff provides are most relevant to the Takings clause.

[2] Even if Plaintiff's claim were construed as alleging a tort for trespass, he would be entitled to no relief.  Plaintiff's suit against Sheriff Ramirez in his official capacity is considered to be a suit against Duval County itself.  Duval County, as a governmental unit, would be immune from suit for intentional torts, including trespass to land.  *See* Tex. Civ. Prac. & Rem. Code § 101.057(2); *Dillon v. Jefferson Cnty. Sheriff's Dept.*, 973 F. Supp. 628, 632-33 (E.D. Tex. 1997).

### e. Ninth Amendment claim.

The Ninth Amendment of the United States Constitution states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." "The Ninth Amendment 'has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation,' [], and is '*not* a source of rights as such; it is simply a rule about how to read the Constitution.'" *Crossley v. California*, 479 F. Supp. 3d 901, 918 (S.D. Cal. 2020) (emphasis original) (quoting *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996)) (additional citations omitted).

Because the Ninth Amendment does not provide a plaintiff with a cause of action, Plaintiff's claim of a violation of a constitutional right under the Ninth Amendment is frivolous and should be dismissed.

### E. Conclusion and recommendation.

For the foregoing reasons, the undersigned recommends that Plaintiff's § 1983 claims be DISMISSED with prejudice for failure to state a claim upon which relief may be granted or as frivolous.

### F. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on August 15, 2023.

_____
MITCHEL NEUROCK
United States Magistrate Judge