Case 2:23-cv-00147   Document 16   Filed on 11/06/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT J. SALINAS, SR., | § § § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00147 |
| | § § | |
| ROMEO R. RAMIREZ, | § § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 13). The M&R recommends that the Court dismiss Plaintiff Robert J. Salinas, Sr.'s claims with prejudice. *Id.* at 10. Plaintiff filed written objections to the M&R. (D.E. 15).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff's objections to the M&R are not entirely clear; however, Plaintiff appears to be attempting to add an obstruction of justice claim and re-urge his invasion of privacy claim. *See* (D.E. 15, p. 1–3).[1] Despite Plaintiff's objections, the Court agrees with the M&R that this case

---

[1] While Plaintiff mentioned that he wanted Defendant "brought up on charges" for obstruction of justice in his original complaint, he did not attempt to allege this as a separate cause of action. *See* (D.E. 1, p. 7). Rather, Plaintiff alleged that Defendant invaded his privacy and violated his First, Third, Fourth, Fifth, and Ninth Amendment rights. *Id.* at 3. The facts in Plaintiff's complaint also do not suggest obstruction of justice. *See id.* at 4–5.

should be dismissed. *See* (D.E. 13, p. 10).

Plaintiff is bringing his 42 U.S.C. § 1983 claim against Defendant Sheriff Romeo R. Ramirez in his official capacity. (D.E. 1, p. 2–3). A suit against Defendant in his official capacity is a suit against the county. *See Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996) ("A suit against the Sheriff in his official capacity is a suit against the [c]ounty."). Municipal, or county, liability under § 1983 requires "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *E.g.*, *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). As the M&R points out, Plaintiff's complaint fails to allege any official policy. (D.E. 13, p. 6). Rather, Plaintiff's complaint alleges that Defendant entered Plaintiff's property without permission. *See* (D.E. 1, p. 4–6). Now, "in rare circumstances," "a single decision" may constitute official policy when the official "possessing final policymaking authority for an action performed the specific act that forms the basis of the § 1983 claim"; however, this mechanism of showing an official policy requires the policymaker to make a deliberate choice to act from among various alternatives. *St. Maron Props., L.L.C. v. City of Hous.*, 78 F.4th 754, 760 (5th Cir. 2023) (citations omitted). Here, Plaintiff does not allege that Defendant considered numerous alternatives and then chose to act in a manner violating his constitutional or statutory rights. *See* (D.E. 1). As such, despite his objections, Plaintiff's claims fail because he does not allege an official policy.[2]

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 15), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 13). As such, Plaintiff's

---

[2] Plaintiff notes in his objection that he believed this case was consolidated with action No. 2:23-CV-00160. *See* (D.E. 15, p. 1, 5–7). This matter is not consolidated with any other case; rather, it is its own action.

§ 1983 claims are dismissed with prejudice for failure to state a claim upon which relief may be granted or as frivolous. (D.E. 1) A final judgment will be entered separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
November 6th, 2023